**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

BROOKS LAW FIRM,

Plaintiff,

v.

U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

Defendant.

Civil Action No. 26-14636

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT**

## INTRODUCTION

1) This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and seeks declaratory and injunctive relief to remedy Defendant U.S. Citizenship and Immigration Services' ("USCIS") failure to make timely determinations on, and produce nonexempt records responsive to, four requests submitted by Plaintiff Brooks Law Firm on August 25, 2026.

2) The requests seek USCIS headquarters records concerning N-400 interview-scheduling policies, priorities, and resource decisions, and operational records concerning the Lawrence, Manchester, and Boston Field Offices (collectively, the "Requests"). Plaintiff seeks these records to understand naturalization interview delays, inform the public, and assist its representation of naturalization applicants.

## JURISDICTION AND VENUE

3) This Court has subject-matter jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331, and authority to enjoin the withholding of agency records and order their production.

4) Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff has its principal place of business in Medford, Massachusetts, within this District.

5) Because USCIS failed to comply with FOIA's applicable time limits for making determinations on the Requests, Plaintiff is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

**PARTIES**

6) Plaintiff Brooks Law Firm is a Massachusetts corporation with its principal place of business at 10 High Street, Suite 3, Medford, Massachusetts 02155. Plaintiff submitted the Requests through its attorney, Carl Hurvich, and has been denied timely access to the requested agency records.

7) Defendant U.S. Citizenship and Immigration Services is a component of the U.S. Department of Homeland Security and an agency within the meaning of 5 U.S.C. § 552(f)(1). USCIS adjudicates applications for naturalization and has possession or control of the agency records sought in the Requests.

**LEGAL BACKGROUND**

8) FOIA requires an agency, upon a properly submitted request that reasonably describes agency records, to make nonexempt responsive records promptly available. 5 U.S.C. § 552(a)(3)(A). An agency must conduct a search reasonably calculated to uncover responsive records. *Oglesby v. U.S. Department of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

9) A requester must provide sufficient information to permit the agency to identify the requested records, but need not supply every detail of a record's title or file number. Responsibility for identifying responsive records is shared by the requester and the agency. *National Cable Television Ass'n, Inc. v. FCC*, 479 F.2d 183, 190 (D.C. Cir. 1973).

10) An agency must provide responsive records in the form or format requested if the records are readily reproducible in that form or format. 5 U.S.C. § 552(a)(3)(B). It must make reasonable efforts to search for records in electronic form or format, subject to the statutory exception for efforts that would significantly interfere with the operation of its automated information system. 5 U.S.C. § 552(a)(3)(C).

11) An agency must determine whether to comply with a request within twenty days, excluding Saturdays, Sundays, and legal public holidays, and notify the requester of its determination and the reasons for it. 5 U.S.C. § 552(a)(6)(A)(i). A determination requires more than acknowledgment of receipt; it must communicate the scope of the records the agency intends to produce and withhold. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013).

12) An agency may invoke unusual circumstances through written notice stating the circumstances and the date on which a determination is expected, ordinarily extending the time limit by no more than ten working days. 5 U.S.C. § 552(a)(6)(B)(i). DHS regulations require that notice before expiration of the twenty-working-day period. 6 C.F.R. § 5.5(c).

13) A requester is deemed to have exhausted administrative remedies when the agency fails to comply with the applicable time limit. 5 U.S.C. § 552(a)(6)(C)(i).

14) FOIA requires disclosure of reasonably segregable nonexempt portions of responsive records. 5 U.S.C. §§ 552(a)(8)(A)(ii), 552(b). Withholding must also satisfy the foreseeable-harm or prohibited-by-law requirements of 5 U.S.C. § 552(a)(8)(A)(i).

**FACTUAL ALLEGATIONS**

15) On August 25, 2026, Plaintiff submitted the four Requests to USCIS through its online FOIA Immigration Records System ("FIRST"). The Requests seek non-A-File agency records and exclude applicant-identifying material. Copies are attached as Exhibits A, C, E, and G.

16) The headquarters request, Control Number COW2026005939, seeks final, adopted, operative, interim, or implemented headquarters records concerning when N-400 applications become interview ready, how they are selected or prioritized, and whether holds, workload decisions, or resource allocations affect scheduling. It covers January 1, 2025 through the date USCIS begins its search, with a limited request for the immediately preceding operative versions of specified policies and instructions. Exhibit A.

17) The October 13, 2026 FIRST status printout for the headquarters request lists the status as "Submitted," its place in the queue as 379 of 678 pending requests, and an estimated completion date of October 2, 2026. It confirms submission on August 25, 2026. Exhibit B.

18) The Lawrence request, Control Number COW2026005940, seeks operational records concerning N-400 interview inventory, scheduling capacity, staffing, workload, and local implementation at the Lawrence Field Office in Massachusetts, including relevant records of the Boston District Office, Northeast Region, and Field Operations Directorate headquarters. Its period is October 1, 2023 through the date USCIS begins its search. Exhibit C.

19) The October 13, 2026 FIRST status printout for the Lawrence request lists the status as "Submitted," its place in the queue as 380 of 678 pending requests, and an estimated completion date of October 2, 2026. It confirms submission on August 25, 2026. Exhibit D.

20) The Manchester request, Control Number COW2026005941, seeks corresponding operational records concerning N-400 interview inventory, scheduling capacity, staffing, workload, and local implementation at the Manchester Field Office in Bedford, New Hampshire, including relevant records of the Boston District Office, Northeast Region, and Field Operations Directorate headquarters. Its period is October 1, 2023 through the date USCIS begins its search. Exhibit E.

21) The October 13, 2026 FIRST status printout for the Manchester request lists the status as "Submitted," its place in the queue as 381 of 678 pending requests, and an estimated completion date of October 2, 2026. It confirms submission on August 25, 2026. Exhibit F.

22) Plaintiff received no initial FOIA response or acknowledgment letter, and no written unusual-circumstances extension notice, for the headquarters, Lawrence, or Manchester request. The twenty-working-day determination period for each expired on September 23, 2026, excluding Saturdays, Sundays, and the Labor Day holiday.

23) The Boston request, Control Number COW2026005964, seeks operational records concerning N-400 interview inventory, scheduling capacity, staffing, workload, and local implementation at the Boston Field Office, including relevant records of the Boston District Office, Northeast

Region, and Field Operations Directorate headquarters. Its period is October 1, 2023 through the date USCIS begins its search. Exhibit G.

24) USCIS acknowledged the Boston request in a letter dated September 1, 2026, confirming receipt on August 25, 2026. The letter placed the request in the complex track, granted a fee waiver, denied expedited processing, and invoked a ten-working-day extension under 5 U.S.C. § 552(a)(6)(B). Exhibit H.

25) The September 1 letter did not determine which responsive records USCIS would produce or withhold. Even allowing the full ten-working-day extension identified in that letter, the determination deadline for the Boston request expired on October 7, 2026.

26) The October 13, 2026 FIRST status printout for the Boston request lists the status as "Files Received" and its place in the queue as 899 of 987 pending requests. It shows the request as in process, does not show processing as completed, and provides no estimated completion date. Exhibit I.

27) The portal status information does not identify the records USCIS will produce or withhold or communicate a substantive determination on any of the Requests.

28) Each Request reasonably identifies the records sought, the applicable period, relevant functional custodians and repositories, and minimum communication search terms. The Requests permit redaction of applicant-identifying information and seek disclosure of the remaining operational, policy, scheduling, capacity, staffing, and aggregate information. Exhibits A, C, E, and G.

29) Plaintiff explained that it would publish findings and responsive records or links without charge to inform practitioners, affected communities, reporters, researchers, and the public about USCIS's naturalization operations and interview delays. Exhibits A, C, E, and G.

30) As of October 13, 2026, USCIS has neither communicated a substantive determination identifying the responsive records it will produce or withhold nor produced responsive records for any of the four Requests. Plaintiff continues to be deprived of access to the requested information.

## COUNT ONE

### Failure to Make Timely Determinations

31) Plaintiff incorporates the foregoing allegations as though fully set forth here.

32) USCIS was required to determine whether to comply with the Requests and notify Plaintiff of its determinations within the applicable statutory periods. 5 U.S.C. § 552(a)(6)(A)(i), (B)(i). The September 23, 2026 deadlines for the headquarters, Lawrence, and Manchester requests, and the October 7, 2026 deadline for the Boston request even allowing its stated extension, have expired.

33) USCIS's failure to make and communicate timely determinations on the Requests violates 5 U.S.C. § 552(a)(6)(A)(i), and Plaintiff is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT TWO

### Failure to Conduct Adequate Searches

34) Plaintiff incorporates the foregoing allegations as though fully set forth here.

35) The Requests reasonably describe the records sought and identify relevant offices, custodians, repositories, date ranges, and search terms. USCIS must conduct searches reasonably calculated to uncover responsive agency records. 5 U.S.C. § 552(a)(3)(A), (C); *Oglesby*, 920 F.2d at 68.

36) Materials qualify as agency records when the agency has created or obtained them and controls them at the time of the FOIA request. Agency control includes possession acquired in the legitimate conduct of official duties. *U.S. Department of Justice v. Tax Analysts*, 492 U.S. 136, 144–45 (1989). The Requests seek USCIS policy and operational records maintained in the conduct of its naturalization duties.

37) Upon information and belief, USCIS has failed to conduct adequate searches for the requested records. It has produced no responsive records or substantive determinations addressing their disclosure. Its failure to conduct adequate searches violates FOIA.

**COUNT THREE**

**Improper Withholding of Agency Records**

38) Plaintiff incorporates the foregoing allegations as though fully set forth here.

39) An agency withholds records when it refuses a valid FOIA request for agency records under its control, even if the records may be publicly available elsewhere. *Tax Analysts*, 492 U.S. at 149–50. FOIA authorizes this Court to enjoin improper withholding and order production. 5 U.S.C. § 552(a)(4)(B).

40) Plaintiff has a statutory right to nonexempt agency records responsive to the Requests. USCIS has possession or control of responsive headquarters and field-office records and has produced none of them.

41) USCIS's continuing failure to make nonexempt responsive records promptly available constitutes improper withholding in violation of 5 U.S.C. § 552(a)(3)(A). This Court may enjoin that withholding and order production under 5 U.S.C. § 552(a)(4)(B).

**COUNT FOUR**

**Failure to Release Reasonably Segregable Information**

42) Plaintiff incorporates the foregoing allegations as though fully set forth here.

43) USCIS must release reasonably segregable nonexempt portions of responsive records, even if other portions are exempt from disclosure. 5 U.S.C. §§ 552(a)(8)(A)(ii)(II), 552(b).

44) The agency bears the burden of justifying nondisclosure and must provide a sufficiently detailed explanation to permit judicial review of its segregability determination. A conclusory assertion that nonexempt information cannot be separated from exempt material does not satisfy that burden. *Mead Data Central, Inc. v. U.S. Department of the Air Force*, 566 F.2d 242, 260–61 (D.C. Cir. 1977).

45) Plaintiff expressly requested redaction of applicant-identifying information and production of nonexempt portions of responsive records. USCIS has produced no reasonably segregable portions.

46) To the extent USCIS withholds responsive records containing exempt information, its failure to release reasonably segregable nonexempt portions violates 5 U.S.C. §§ 552(a)(8)(A)(ii)(II), 552(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

I. Declare that USCIS's failure to make and communicate timely determinations on the Requests violates FOIA;

II. Order USCIS to make determinations on the Requests and conduct searches reasonably calculated to locate all responsive records;

III. Order USCIS to produce promptly all nonexempt responsive records and reasonably segregable nonexempt portions, on a schedule established by the Court;

IV. Require USCIS to provide sworn declarations sufficient to establish the adequacy of its searches and justify any withholding, including the asserted exemptions, foreseeable harm where required, and segregability;

V. Retain jurisdiction to ensure compliance with the Court's orders;

VI. Award reasonable attorney's fees and other litigation costs to the extent authorized by 5 U.S.C. § 552(a)(4)(E); and

VII. Grant such further relief as the Court deems just and proper.

Respectfully submitted,
BROOKS LAW FIRM,
By its attorney,

/s/ Carl Hurvich, Esq.
Carl Hurvich, Esq. (MA BBO No. 698179)
Brooks Law Firm
10 High Street, Suite 3
Medford, MA 02155
Telephone: (617) 245-8090
Fax: (617) 245-8088
Email: Carl@BrooksLawFirm.com

Dated: October 14, 2026